UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JOHN CRUISE, | : | CIVIL NO. **4:06-CV-01897** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| WARDEN DONATE, TIM BETTI, | : | |
| TOM STAFF, RICK HORAN, | : | |
| PAT LYNN and TOM NEEDAMEN, | : | |
| | : | |
| Defendants | : | |


**REPORT AND RECOMMENDATION**


On September 26, 2006, the plaintiff commenced this 42 U.S.C. § 1983 action by filing a complaint.  At the time the plaintiff filed this complaint he was a prisoner at the Lackawanna County Prison.  The plaintiff subsequently informed the court that he is being released on home confinement and he provided the court with his new address.

The complaint names as defendants 1) Warden Donate, the Warden of the Lackawanna County Prison (LCP); 2) Tim Betti, the Assistant Warden at the LCP; 3) Tom Staff, a counselor at the LCP; 4) Rick Horan, a work release counselor at the LCP; 5) Pat Lynn, a work release/house arrest counselor at the LCP; and 6) Tom Needamen, a supervisor at the LCP.

The plaintiff alleges that the defendants denied him equal protection under the Fourteenth Amendment.  In the relief section of his complaint, the plaintiff states that he would like to be treated fairly with regard to programs offered to inmates at the LCP such as work release/home confinement. The plaintiff also states that inmates with political connections are treated much better than unknown inmates.  The plaintiff further alleges that he is being held past his maximum date which the prison and parole board have miscalculated.

By an Order dated October 18, 2006, we reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined that the

complaint fails to state a claim upon which relief may be granted.  We stated and reasoned as follows:

> This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

> Federal Rule of Civil Procedure 8(a)(2) requires no more than that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Complaints 'need not plead law or match facts to every element of a legal theory.'" *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001)(quoting *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir. 2000)).  "[A] plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery." *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 124 (3d Cir. 1998).  The

statement required by Rule 8(a)(2) "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)(quoting *Conley  v. Gibson*, 355 U.S. 41, 47 (1957)).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*  The notice pleading standard applies to 42 U.S.C. § 1983 cases. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(holding that civil rights complaints are not required to meet a heightened pleading standard but are subject to the liberal standards of notice pleading).

Considering the plaintiff's complaint liberally under the notice pleading standard, we nevertheless conclude that the complaint fails to state a claim against the defendants upon which relief may be granted.  The plaintiff has not alleged the basis for his claims against the defendants.  Although the plaintiff alleges generally that the defendants denied him equal protection, he has not alleged what actions the defendants took that are suppose to have been in violation of his equal protection rights.  Accordingly, the complaint does not provide the defendants with fair notice of what the plaintiff's claims are and the grounds upon which the claims rest.

The plaintiff alleges that he is being held past his maximum date.  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

> release or a speedier release from that
> imprisonment, his sole federal remedy is a writ
> of habeas corpus."   To the extent that the
> plaintiff is seeking release from custody he
> must pursue that claim in a habeas corpus case
> not in a 42 U.S.C. § 1983 case such as the
> instant case.

*Doc. 9* at 3-6.


Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, by the Order dated October 18, 2006, we granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state a claim upon which relief may be granted. The plaintiff was granted leave to file an amended complaint on or before November 20, 2006.  The Order of October 18, 2006 warned the plaintiff that if he fails to file an amended complaint we will recommend that the complaint be dismissed and that this case be closed.

The plaintiff has not filed an amended complaint. Accordingly, it will be recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: December 12, 2006.